IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,          §
                                   §
              Plaintiff,           §
                                   §
VS.                                §          Criminal No. 3:08-CR-267-D (2)
                                   §
LAZARO FERNANDO RODRIGUEZ,         §
                                   §
              Defendant.           §

MEMORANDUM OPINION

Defendant Lazaro Fernando Rodriguez ("Rodriguez") moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines. For the reasons that follow, the court denies the motion.

When considering a § 3582(c)(2) motion, the court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If he is eligible, the court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. The court is under no obligation to reduce the defendant's sentence. *United States v. Evans*, 587 F.3d 667, 673 & 673 n.9 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) (per curiam)). And because the court is not obligated to reduce the sentence at all, it does not have to reduce it further than it did within the recalculated guidelines range. *See id.* at 673.

It is undisputed that Rodriguez is eligible for a sentence reduction. He is serving a sentence that is based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission through an amendment listed in U.S.S.G. § 1B1.10(d). The government

maintains, however, that Rodriguez has an infraction during his incarceration; he was a trusted member of the drug organization in that he lived in the stash house and protected extremely large quantities of cocaine (more than 150 kilograms) and drug proceeds (millions of dollars in cash); and, to the government's knowledge, he continues to deny responsibility for all of his actions in this extremely large-scale drug trafficking conspiracy.   The government contends that Rodriguez's sentence of 292 months—which also falls within the new, lower advisory guideline range—should not be reduced further.  Rodriguez has not replied to the government's opposition response, which was filed May 4, 2016.

Having considered the applicable § 3553(a) factors and the government's contentions, the court concludes in its discretion that defendant's motion should be denied and that his sentence should not be reduced.

Accordingly, Rodriguez's December 1, 2014 motion to reduce sentence is denied.

**SO ORDERED**.

August 11, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE